UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LALA MAHA MAQADDEM,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:23-cv-00687 DAD AC<br><br><br><br>ORDER |

Plaintiff filed this case in pro se and the action was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). The court is in receipt of a document entitled "NOTICE OF LIMITED SCOPE REPRESENTATION OF GEORGE E MURPHY" filed July 25, 2023. ECF No. 12. This document purports to instate Mr. Murphy as plaintiff's legal representative "limited to Electronic Filings and Discovery." ECF No. 12 at 1. This purported appearance of counsel is ineffective.

The Local Rule of the Eastern District of California outline the procedure for the appearance and substitution of counsel. Local Rule 182 explains that if an attorney does not appear in the initial filing, they may appear by "(iii) by physically appearing at a court hearing in the matter, formally stating the appearance on the record, and then signing and filing a confirmation of appearance within seven (7) days; or (iv) by filing and serving on all parties a

substitution of attorneys as provided in (g)." Subsection (g), which governs substitution of counsel, states an attorney may enter a case "by submitting a substitution of attorneys that shall set forth the full name and address of the new individual attorney and shall be signed by the withdrawing attorney, the new attorney, and the client. All substitutions of attorneys shall require the approval of the Court, and the words 'IT IS SO ORDERED' with spaces designated for the date and signature of the Judge affixed at the end of each substitution of attorneys."

The document filed in this case does not comply with the local rules, and counsel has not properly appeared. The Clerk of Court will therefore be directed to correct the docket to indicate that plaintiff remains in pro se.

Moreover, the court has significant doubts about the propriety of the purported "limited scope" representation referenced in the invalid notice of appearance. That notice states that Mr. Murphy's role is limited to "Electronic Filings and Discovery." ECF No. 12 at 1. His electronic filing of a different document drafted and signed by plaintiff personally, ECF No. 11,[1] indicates that he intends to file on her behalf documents that he has not drafted and for the substance of which he does not take responsibility. However, Local Rule 131(c) provides: "Anything filed using an attorney's name, login, and password will be deemed to have been signed by that attorney for all purposes, including Fed. R. Civ. P. 11." An attorney cannot e-file documents for a party without being held legally and ethically responsible for the contents of the filings. There are currently motions to dismiss pending for which plaintiff's responses are required, and if these are outside the scope of Mr. Murphy's putative "limited representation" then they may not be electronically filed using his CM/ECF credentials.

While Mr. Murphy may assist plaintiff without appearing in the case, *to the extent the rules of professional responsibility permit*, he may not utilize his CM/ECF credentials to provide

---

[1] This document is captioned "PLAINTIFF'S NOTICE DECLARATION AND REQUEST TO THE COURT FOR NOT BEING SERVED WITH A MOTION FILED BY DEFENDANT AMBER GORDON AT IDP (INDEPENDENT DEFENDANT PROGRAM) AND THAT AMBER GORDON HAS FAILED TO CONTANCT [sic] PLAINTIFF AND MEET AND CONFER PRIOR FILING A MOTION TO DISMISS THAT IS MENDATORY [sic] ORIOR [sic] FILING ANY MOTIONS." Id. at 1. It relies on a state court rule not applicable to motions filed in this court. See id. at 4.

courtesy access to electronic docketing for someone he is not representing in the litigation.

Should plaintiff and Mr. Murphy submit a future substitution of attorney pursuant to the Local Rules, any reference to "limited scope representation" must be accompanied by a memorandum of points and authorities demonstrating that the proposed scope of representation is consistent with the Federal Rules of Civil Procedure, the Local Rules of this court, and State Bar of California's Rules of Professional Conduct.

Accordingly, it is HEREBY ORDERED AS FOLLOWS:

1. The Notice of Limited Appearance, ECF No. 12, is VACATED as without legal effect;
2. The Clerk of Court is directed to correct the docket to restore plaintiff's pro se status;cv
3. This order shall be served both on plaintiff in pro se and, as a one-time courtesy only, on attorney George Edward Murphy.

DATED: July 26, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3